IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANA RICHARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-022-A |
| | § | |
| R&Q REINSURANCE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants Gary E. Becker ("Becker"), and Zoercher, Becker & Huber ("Zoercher firm") to dismiss the above-captioned action. For the reasons set forth below the court concludes that such motion should be granted.

I.

Background

Plaintiff, Diana Richard ("Richard"), was involved in a motor vehicle collision in March of 1982 (the "collision") in which she suffered personal injuries. She was represented in legal proceedings against various defendants by Becker, who is an attorney and a partner in the Zoercher firm. At the time the representation began, Richard, Becker, and the Zoercher firm were all citizens of Indiana.

In January of 1984, while the litigation related to the collision was pending, plaintiff moved to Texas and became a Texas resident. In approximately October of 1984, Becker contacted Richard in Texas, told her that he had reached a

settlement agreement with the defendants in her case related to the collision, and asked her to come to Indiana to sign settlement documents.

On October 25, 1984, while in Indiana, Becker presented Richard with documents related to the settlement of her case. The documents included a letter dated October 24, 1984 (the "1984 Letter") addressed to counsel for defendants in Richard's case, William H. Vobach.  Richard maintains that the 1984 Letter set forth annuity payments to be made to Richard in Texas under the terms of the settlement.  Specifically, Richard alleges that the 1984 Letter provided that CIGNA would provide $1,000.00 per month payable to her in Texas beginning November 23, 1994, and continuing until October 23, 2004, and thereafter for life. According to Richard, Becker and others represented to her that the other settlement documents contained the same payment terms as those set forth in the 1984 Letter.  Richard asserts that based on the representations and advice of Becker and others, she signed the remaining settlement documents without reviewing them.

When Richard did not receive the November 23, 2004, payment, she contacted CIGNA.  On January 21, 2005, CIGNA sent Richard a letter stating that it was temporarily adjusting its system to continue her life contingent payments.  Richard continued to receive her monthly annuity payments through October 23, 2005. In December of 2005 Richard received another letter from CIGNA. The letter stated that the obligation to make monthly payments to Richard ceased on October 23, 2004, and requested that she refund

2

$ 12,000.  Richard has not received any annuity payments since October 23, 2005.

On November 27, 2006, Richard filed her original petition in state court against Becker, the Zoercher firm, and other defendants.[1]  On February 7, 2007, Richard filed her first amended complaint, in which she asserted claims against Becker and the Zoercher firm for breach of contract, negligent misrepresentation, legal malpractice, negligence, and breach of fiduciary duty. On January 8, 2007, defendant Connecticut General Life Insurance Company removed the action to this court.

Becker was a citizen of the State of Kentucky from September 1985 to January 2007.  Since that date he has been a citizen of the State of California.  The Zoercher firm was a general partnership existing under the laws of the State of Indiana until it dissolved and ceased to exist in 1986.  On February 28, 2007, Becker and the Zoercher firm filed their motion to dismiss Richard's first amended complaint for lack of personal jurisdiction.

II.

Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden

---

[1] The other defendants named in Richard's state court petition were: CIGNA Corporation; ACE American Reinsurance Company f/k/a CIGNA Reinsurance Company f/k/a INA Reinsurance Company; Connecticut General Life Insurance Company; Tokio Marine & Nichido Fire Insurance Company, Ltd. f/k/a The Tokio Marine & Fire Insurance Company, Ltd.; Michael Vobach; and Locke Reynolds, LLP f/k/a Locke, Reynold, Boyd & Weisell.

of establishing that <u>in personam</u> jurisdiction exists.  <u>Wilson v. Belin</u>, 20 F.3d 644, 648 (5th Cir. 1994); <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1192 (5th Cir. 1985); <u>D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.</u>, 754 F.2d 542, 545-46 (5th Cir. 1985).  The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; <u>prima facie</u> evidence of personal jurisdiction is sufficient.  <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203 (5th Cir. 1989); <u>Wyatt v. Kaplan</u>, 686 F.2d 276, 280 (5th Cir. 1982).  The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. <u>Command-Aire v. Ontario Mechanical Sales & Serv., Inc.</u>, 963 F.2d 90, 95 (5th Cir. 1992).  Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.  <u>Wyatt</u>, 686 F.2d at 282-83 n.13 (citing <u>Black v. Acme Markets, Inc.</u>, 564 F.2d 681, 683 n.3 (5th Cir. 1977)).  Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for purposes of determining whether a <u>prima facie</u> case exists.  <u>Jones v. Petty-Ray Geophysical Geosource, Inc.</u>, 954 F.2d 1061, 1067 (5th Cir. 1992); <u>Bullion v. Gillespie</u>, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state,

4

and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment.  <u>Wilson</u>, 20 F.3d at 646-47; <u>Thompson v. Chrysler Motors Corp.</u>, 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting <u>Smith v. DeWalt Prods. Corp.</u>, 743 F.2d 277, 278 (5th Cir. 1984)).  Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[2] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible.  <u>Bullion</u>, 895 F.2d at 216; <u>Stuart</u>, 772 F.2d at 1189.

    For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice."  <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

    The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant.  <u>Bullion</u>, 895 F.2d at 216.  For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise

---

[2] <u>See, e.g.</u>, <u>Kawasaki Steel Corp. v. Middleton</u>, 699 S.W.2d 199, 200 (Tex. 1985).

5

from or be connected with such act or transaction.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985).  Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction.  <u>See, e.g.</u>, <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984); <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 779 (1984); <u>Perkins v. Benguet Consol. Mining Co.</u>, 342 U.S. 437 (1952).

### III.

### <u>Analysis</u>

Here, plaintiff admits that she has insufficient evidence at this time to establish general jurisdiction, but requests further opportunity for jurisdictional discovery.  The Fifth Circuit generally requires an opportunity to conduct discovery, although it does not require that discovery be completed before the court rules on a motion to dismiss.  <u>See</u> <u>Patterson v. Dietze, Inc.</u>, 764 F.2d 1145, 1147, n. 4 (5th Cir. 1985); <u>Williamson v. Tucker</u>, 645 F.2d 404, 414 (5th Cir. 1981).  Here, the court concludes that Richard has been given a sufficient opportunity to conduct discovery.  Because there is no evidence of Becker or the Zoercher firm having continuous and systematic contacts with Texas, the court cannot exercise general jurisdiction over them.

Alternatively, Richard alleges that there is evidence to

6

support a finding of specific jurisdiction over Becker and the Zoercher firm. Specific jurisdiction exists "where the contacts proximately result from actions by the defendant <u>himself</u> that create a 'substantial connection' with the forum State." <u>Burger King</u>, 471 U.S. at 475. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party." <u>Id</u>. (internal quotation marks and citations omitted).

Richard's basic assertion is that the court should exercise specific jurisdiction over Becker and Zoercher based on her being a resident of Texas and receiving annuity payments there. The annuity payments were the result of a settlement agreement reached in a case litigated and settled in Indiana. Richard hired Becker and the Zoercher firm, both citizens of Indiana at the time she hired them[3], in Indiana to represent her in a lawsuit filed, litigated, and settled in Indiana. The court finds that Richard moving to Texas prior to the case being settled and her receiving payments pursuant to the settlement agreement in Texas are insufficient to show that Becker and the Zoercher firm purposefully availed themselves of the benefits and protections of the laws of Texas. Thus, the court concludes that Becker and Zoercher do not have minimum contacts with Texas and that the court cannot properly exercise personal jurisdiction

---

[3] Currently, Becker is a citizen of California and the Zoercher firm does not have a place of citizenship as it no longer exists as a business association.

over them.

Because the court finds that Becker and the Zoercher firm do not have minimum contacts with Texas, it does not reach the second prong of the due process analysis to inquire whether exercise of jurisdiction over the nonresident defendants would comport with traditional notions of fair play and substantial justice.  International Shoe, 326 U.S. at 316.

## IV.

### ORDER

For the reasons discussed above, the court concludes that Becker and the Zoercher firm's motion to dismiss for lack of personal jurisdiction should be granted.  Therefore,

The court ORDERS that all claims and causes of action asserted by Richard against Becker and the Zoercher firm be, and are hereby, dismissed for lack of personal jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims accomplished by this memorandum opinion and order.

SIGNED April 13, 2007.

          /s/ John McBryde
JOHN McBRYDE
United States District Judge