U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 10 2007

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANA RICHARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-022-A |
| | § | |
| R&Q REINSURANCE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant Locke Reynolds LLP f/k/a Locke Reynolds Boyd & Weisell ("Locke") to dismiss the claims asserted against it in the above-captioned action. For the reasons set forth below the court concludes that such motion should be granted.

I.

Background

Plaintiff, Diana Richard ("Richard"), while a resident in Indiana, was involved in a motor vehicle collision in Indiana in March of 1982 (the "collision") in which she suffered personal injuries. She was represented in legal proceedings against various defendants by Gary E. Becker ("Becker"), who was an attorney and a partner in the law firm of Zoercher, Becker & Huber ("Zoercher firm"). William Vobach, an attorney employed by Locke, represented one of the defendants being sued by Richard. Locke is a limited liability partnership organized under the laws

of Indiana. All of Locke's offices are located in Indiana and all of Locke's partners are citizens of Indiana.

In January of 1984, while the litigation related to the collision was pending, plaintiff became a Texas resident. In approximately October of 1984, Becker contacted Richard in Texas, told her that he had reached a settlement agreement with the defendants in her case related to the collision, and asked her to come to Indiana to sign settlement documents.

On October 25, 1984, while in Indiana, Becker presented Richard with documents related to the settlement of her case. The documents included a letter dated October 24, 1984 (the "1984 Letter") addressed to Vobach. Richard maintains that the 1984 Letter set forth annuity payments to be made to Richard in Texas under the terms of the settlement. Specifically, Richard alleges that the 1984 Letter provided that CIGNA would provide $1,000.00 per month payable to her in Texas beginning November 23, 1994, and continuing until October 23, 2004, and thereafter for life. According to Richard, Becker and others represented to her that the other settlement documents contained the same payment terms as those set forth in the 1984 Letter. Richard asserts that based on the representations and advice of Becker and others, she signed the remaining settlement documents without reviewing them.

When Richard did not receive the November 23, 2004, payment, she contacted CIGNA. On January 21, 2005, CIGNA sent Richard a letter stating that it was temporarily adjusting its system to continue her life contingent payments. Richard continued to

2

receive her monthly annuity payments through October 23, 2005. In December of 2005 Richard received another letter from CIGNA. The letter stated that the obligation to make monthly payments to Richard ceased on October 23, 2004, and requested that she refund $ 12,000. Richard has not received any annuity payments since October 23, 2005.

On November 27, 2006, Richard filed her original petition in state court against Becker, the Zoercher firm, Locke and other defendants.[1] On January 8, 2007, defendant Connecticut General Life Insurance Company removed the action to this court. On January 18, 2007, Locke filed a motion to dismiss all claims asserted by Richard against it for lack of personal jurisdiction. In Richard's first amended complaint filed February 7, 2007, only the claims of negligent misrepresentation and fraud remained against Locke. On February 22, 2007, Locke filed a reply reasserting its contention that the court lacks personal jurisdiction over it.

II.

Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772

---

[1] The other defendants named in Richard's state court petition were: CIGNA Corporation; ACE American Reinsurance Company f/k/a CIGNA Reinsurance Company f/k/a INA Reinsurance Company; Connecticut General Life Insurance Company; Tokio Marine & Nichido Fire Insurance Company, Ltd. f/k/a The Tokio Marine & Fire Insurance Company, Ltd.; and Michael Vobach.

F.2d 1185, 1192 (5th Cir. 1985); D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545-46 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989); Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. Command-Aire v. Ontario Mechanical Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. Wyatt, 686 F.2d at 282-83 n.13 (citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for purposes of determining whether a prima facie case exists. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson,

20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[2] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. Bullion, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the

---

[2] See, e.g., Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985).

5

controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952).

### III.

### Analysis

Here, plaintiff admits that she has insufficient evidence at this time to establish general jurisdiction, but requests further opportunity for jurisdictional discovery. The Fifth Circuit generally requires an opportunity to conduct discovery, although it does not require that discovery be completed before the court rules on a motion to dismiss. See Patterson v. Dietze, Inc., 764 F.2d 1145, 1147, n. 4 (5th Cir. 1985); Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir. 1981). Here, the court concludes that Richard has been given a sufficient opportunity to conduct discovery. Because there is no evidence of Locke having continuous and systematic contacts with Texas, the court cannot exercise general jurisdiction over it.

Alternatively, Richard alleges that there is evidence to support a finding of specific jurisdiction over Locke. Specific jurisdiction exists "where the contacts proximately result from

actions by the defendant <u>himself</u> that create a 'substantial connection' with the forum State." <u>Burger King</u>, 471 U.S. at 475. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party." <u>Id</u>. (internal quotation marks and citations omitted).

Richard's basic assertion is that the court should exercise specific jurisdiction over Locke based on her being a resident of Texas and receiving annuity payments there. The annuity payments were the result of a settlement agreement reached in a case litigated and settled in Indiana. The court finds that Richard moving to Texas prior to the case being settled and her receiving payments pursuant to the settlement agreement in Texas are insufficient to show that Locke purposefully availed itself of the benefits and protections of the laws of Texas. Thus, the court concludes that Locke does not have minimum contacts with Texas and that exercising personal jurisdiction over Locke would be improper.

Because Locke does not have minimum contacts with Texas, the court does not reach the second prong of the due process analysis to inquire whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. <u>International Shoe</u>, 326 U.S. at 316.

IV.

ORDER

For the reasons discussed above, the court concludes that Locke's motion to dismiss for lack of personal jurisdiction should be granted. Therefore,

The court ORDERS that all claims and causes of action asserted by Richard against Locke be, and are hereby, dismissed for lack of personal jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal accomplished by this memorandum opinion and order.

SIGNED May 10, 2007.

JOHN McBRYDE
United States District Judge